IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JEREMY A. ROWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17-CV-4250-BCW |
| | ) | |
| THE CURATORS OF THE | ) | |
| UNIVERSITY OF MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED PETITION

COME NOW Defendants The Curators of the University of Missouri, Cathy Scroggs, Ellen Earley, Salama Gallimore, and Andrea Hayes and offer the following Answer and Affirmative Defenses to Plaintiff's First Amended Petition (Doc. 1):

## ANSWER

### "Introduction"

COME NOW Defendants The Curators of the University of Missouri, Cathy Scroggs, Ellen Eardley, Salama Gallimore, and Andrea Hayes (hereinafter "Defendants") and respond as follows:

1. Defendants admit that the case involves a male graduate student named Jeremy Rowles and Defendants deny the remaining allegations of paragraph 1.

2. Defendants admit.

3. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 3. Accordingly, those allegations are denied.

4. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 4. Accordingly, those allegations are denied.

5. Defendants admit that a formal complaint was submitted to the University's Title IX office and deny the remaining allegations of paragraph 5.

6. Defendants admit that Salama Gallimore was not involved in the 2016 investigation and deny the remaining allegations of paragraph 6.

7. Defendants admit.

8. Defendants admit.

9. Defendants deny.

10. Defendants deny.

11. Defendants admit that Defendant Scroggs shortened Rowles' suspension from four (4) years to two (2) years and deny the remaining averments of paragraph 11.

12. Defendants deny.

**"Parties, Jurisdiction and Venue"**

13. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 13. Accordingly, those allegations are denied.

14. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 14. Accordingly, those allegations are denied.

15. The allegations in Paragraph 15 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

16. Defendants admit.

17. The allegations in Paragraph 17 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

18. Defendants deny the legal conclusion regarding "capacity" and admit the remaining allegations of paragraph 18.

19. Defendants deny the legal conclusion regarding "capacity" and admit the remaining allegations of paragraph 19.

20. Defendants deny the legal conclusion regarding "capacity" and admit the remaining allegations of paragraph 20.

21. Defendants admit that Hayes is the Assistant Vice Chancellor for Civil Rights & Title IX at the University of Missouri and deny the remaining allegations of paragraph 21.

22. Defendants admit.

23. Plaintiff's filed charge with the MCHR is documented, and the document speaks for itself. To the extent the allegations in Paragraph 23 summarizing the content of the filed charge are inconsistent with the document itself, the allegations are denied.

24. Defendants deny.

25. Defendants admit.

26. The allegations in Paragraph 26 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

27. The allegations in Paragraph 27 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

28. The allegations in Paragraph 28 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

29. Defendants deny.

## "General Allegations"

30. Defendants admit.

31. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 31. Accordingly, those allegations are denied.

32. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 32. Accordingly, those allegations are denied.

33. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 33. Accordingly, those allegations are denied.

34. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 34. Accordingly, those allegations are denied.

35. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 35. Accordingly, those allegations are denied.

36. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 36. Accordingly, those allegations are denied.

37. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 37. Accordingly, those allegations are denied.

38. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 38. Accordingly, those allegations are denied.

39. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 39. Accordingly, those allegations are denied.

40. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 40. Accordingly, those allegations are denied.

41. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 41. Accordingly, those allegations are denied.

42. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 42. Accordingly, those allegations are denied.

43. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 43. Accordingly, those allegations are denied.

44. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 44. Accordingly, those allegations are denied.

45. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 45. Accordingly, those allegations are denied.

46. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 46. Accordingly, those allegations are denied.

47. Defendants admit.

48. Defendants admit.

49. Defendants admit that there was a meeting on October 20, 2016 and deny the remaining allegations of paragraph 49.

50. Defendants admit that a formal complaint was submitted and the document speaks for itself. Defendants deny that the allegations in paragraph 50 fairly and accurately reflect the contents of the formal complaint.

51. Defendants deny.

52. Defendants deny.

53. Defendants deny.

54. Defendants deny.

55. Defendants admit.

56. Defendants admit.

57. Defendants deny.

58. Defendants deny.

59. Defendants deny.

60. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 60. Accordingly, those allegations are denied.

61. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 61 with regard to what was "assured," but defendants admit that Gallimore had no role in the 2016 investigation.

62. Defendants deny.

63. Defendants admit.

64. Defendants admit.

65. Defendants admit that a Notice was sent to Rowles and the document speaks for itself. To the extent the allegations in Paragraph 65 are inconsistent with the document itself, the allegations are denied.

66. Defendants admit that a Notice was sent to Rowles and the document speaks for itself. To the extent the allegations in Paragraph 66 are inconsistent with the document itself, the allegations are denied.

67. Defendants admit that a Notice was sent to Rowles and the document speaks for itself. To the extent the allegations in Paragraph 67 are inconsistent with the document itself, the allegations are denied.

68. Defendants admit that a Notice was sent to Rowles and the document speaks for itself. To the extent the allegations in Paragraph 68 are inconsistent with the document itself, the allegations are denied.

69. Defendants admit that an Email was sent and the document speaks for itself. To the extent the allegations in Paragraph 69 are inconsistent with the document itself, the allegations are denied.

70. Defendants admit that correspondence was sent to the parties and the documents speak for themselves. To the extent the allegations in Paragraph 70 are inconsistent with the documents, the allegations are denied. Defendants deny the implication that the parties were provided different time frames in which to choose between formal and informal resolution.

71. Defendants admit that correspondence was sent to the parties and the documents speak for themselves. To the extent the allegations in Paragraph 71 are inconsistent with the documents, the allegations are denied.

72. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 72. Accordingly, those allegations are denied.

73. Defendants admit that a Notice of Intent was sent to Rowles and the document speaks for itself. To the extent the allegations in Paragraph 73 are inconsistent with the document itself, the allegations are denied.

74. Defendants admit that a Notice of Intent was sent to Rowles and the document speaks for itself. Defendants deny plaintiff's characterization "confusingly" and Defendants state that to the extent the allegations in Paragraph 74 are inconsistent with the document itself, the allegations are denied.

75. Defendants deny plaintiff's characterization "for the first time" and Defendants admit that the Notice of Intent speaks for itself and to the extent the allegations in Paragraph 75 are inconsistent with the document itself, the allegations are denied.

76. Defendants admit that the Notice of Intent speaks for itself and to the extent the allegations in Paragraph 76 are inconsistent with the document itself, the allegations are denied.

77. Defendants admit.

78. Defendants admit that the Title IX Office issued the Informal Resolution Findings and state that the Informal Resolution Findings document speaks for itself and to the extent the allegations in Paragraph 78 are inconsistent with the document itself, the allegations are denied.

79. Defendants deny.

80. Defendants deny the allegation pertaining to Gallimore and state that the Informal Resolution Findings document speaks for itself and Defendants state that to the extent the allegations in Paragraph 80 are inconsistent with the document itself, the allegations are denied.

81. Defendants deny the allegation pertaining to Gallimore and state that the Informal Resolution Findings document speaks for itself and Defendants state that to the extent the allegations in Paragraph 81 are inconsistent with the document itself, the allegations are denied.

82. Defendants deny the allegation pertaining to Gallimore and state that the Informal Resolution Findings document speaks for itself and Defendants state that to the extent the allegations in Paragraph 82 are inconsistent with the document itself, the allegations are denied.

83. Defendants deny the allegation pertaining to Gallimore and state that the Informal Resolution Findings document speaks for itself and Defendants state that to the extent the allegations in Paragraph 83 are inconsistent with the document itself, the allegations are denied.

84. Defendants deny the allegation pertaining to Gallimore, deny that Plaintiff fairly and accurately alleges the "totality of circumstances," and state that the Informal Resolution Findings document speaks for itself and Defendants state that to the extent the allegations in Paragraph 84 are inconsistent with the document itself, the allegations are denied.

85. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 85. Accordingly, those allegations are denied.

86. Defendants admit that Rowles was advised in the Notice of Charges he received that suspension and expulsion were listed among the possible sanctions for any violation of University Rules. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 86 and, therefore, deny the remaining allegations.

87. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 87. Accordingly, those allegations are denied.

88. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 88. Accordingly, those allegations are denied.

89. The allegations in Paragraph 89 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

90. Defendants deny the allegation pertaining to Gallimore, deny that Plaintiff fairly and accurately alleges the contents of his appeal and state that the appeal document speaks for

itself and to the extent the allegations in Paragraph 90 are inconsistent with the document itself, the allegations are denied.

91. Defendants state that the appeal document speaks for itself and to the extent the allegations in Paragraph 91 are inconsistent with the document itself, the allegations are denied.

92. Defendants deny the allegation pertaining to Gallimore, deny that Plaintiff fairly and accurately alleges the contents of his appeal and state that the appeal document speaks for itself and to the extent the allegations in Paragraph 92 are inconsistent with the document itself, the allegations are denied.

93. Defendants admit that on April 18, 2017, Scroggs upheld the findings of conduct violations and modified the sanctions, and Defendants deny the remaining allegations of paragraph 93.

94. Defendants state that the Scroggs document speaks for itself and Defendants state that to the extent the allegations in Paragraph 94 are inconsistent with the document itself, the allegations are denied.

95. Defendants state that the Scroggs document speaks for itself and Defendants state that to the extent the allegations in Paragraph 95 are inconsistent with the document itself, the allegations are denied.

96. Defendants state that the Scroggs document speaks for itself and Defendants state that to the extent the allegations in Paragraph 96 are inconsistent with the document itself, the allegations are denied.

97. The allegations in Paragraph 97 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

98. Defendants deny.

99. The allegations in Paragraph 99 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

100. The allegations in Paragraph 100 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations of paragraph 100 and all subparts thereof are denied.

101. The allegations in Paragraph 101 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

102. The allegations in Paragraph 102 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

103. The allegations in Paragraph 103 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

104. Defendants deny.

105.     The allegations in Paragraph 105 are argumentative and consist of conclusions to which no response is required.  To the extent a response may be required, the allegations are denied.

106.     Defendants deny.

107.     The allegations in Paragraph 107 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

108.     Defendants deny.

109.     The allegations in Paragraph 109 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, Defendants state that the CRR speaks for itself and to the extent the allegations in Paragraph 109 are inconsistent with the document itself, the allegations are denied.

110.     The allegations in Paragraph 110 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

111.     The allegations in Paragraph 111 are argumentative and consist of conclusions to which no response is required, or for which Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

112.     The allegations in Paragraph 112 are argumentative and consist of conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

113.     The allegations in Paragraph 113 are argumentative and consist of conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

114.     The allegations in Paragraph 114 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

115.     The allegations in Paragraph 115 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

116.     The allegations in Paragraph 116 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

117.     The allegations in Paragraph 117 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

118.     The allegations in Paragraph 118 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

119.     The allegations in Paragraph 119 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

120.     The allegations in Paragraph 120 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

121.     The allegations in Paragraph 121 are argumentative and consist of conclusions to which no response is required or for which Defendants are without sufficient information to form a belief as to the truth of the allegations.  To the extent a response may be required, the allegations are denied.

122.     Defendants deny.

123.     Defendants deny.

124.     Defendants deny.

125.     Defendants deny.

126.     Defendants deny.

127.     Defendants deny.

128.     Defendants deny.

129.    Defendants deny.

130.    Defendants deny.

131.    Defendants deny.

132.    Defendants deny.

133.    Defendants deny.

134.    Defendants deny.

## COUNT ONE – "FREEDOM OF SPEECH"

COME NOW DEFENDANTS Scroggs, Eardley, Gallimore and Hayes (hereinafter "Individual Defendants") and for their Answer to Count One state as follows:

135.    Individual Defendants incorporate by reference their responses to all prior allegations.

136.    Individual Defendants deny Plaintiff's characterization "purportedly" and admit the remaining allegations of paragraph 136.

137.    Individual Defendants state that the CRR speaks for itself and to the extent the allegations in Paragraph 137 are inconsistent with the document itself, the allegations are denied.

138.    Individual Defendants state that the CRR speaks for itself and to the extent the allegations in Paragraph 138 are inconsistent with the document itself, the allegations are denied.

139.    Individual Defendants deny the allegation pertaining to Gallimore, deny that Plaintiff fairly and accurately alleges the facts and state that the Informal Resolution Findings document speaks for itself and to the extent the allegations in Paragraph 139 are inconsistent with the document itself, the allegations are denied.

140.     Individual Defendants deny the allegation pertaining to Gallimore, deny that Plaintiff fairly and accurately alleges the facts and state that the Informal Resolution Findings document speaks for itself and to the extent the allegations in Paragraph 140 are inconsistent with the document itself, the allegations are denied.

141.     Individual Defendants deny the allegation pertaining to Gallimore, deny that Plaintiff fairly and accurately alleges the facts and state that the Informal Resolution Findings document speaks for itself and Defendants state that to the extent the allegations in Paragraph 141 are inconsistent with the document itself, the allegations are denied.

142.     Individual Defendants admit that Scroggs upheld the findings and reduced the suspension from four years to two and Defendants deny the remaining allegations of paragraph 142.

143.     The allegations in Paragraph 143 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

144.     Individual Defendants deny.

145.     Individual Defendants deny.

146.     Individual Defendants deny.

147.     Individual Defendants deny.

148.     The allegations in Paragraph 148 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

149.     The allegations in Paragraph 149 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

150.     The allegations in Paragraph 150 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

151.     The allegations in Paragraph 151 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

152.     The allegations in Paragraph 152 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

153.     Individual Defendants deny.

154.     The allegations in Paragraph 154 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

155.     Individual Defendants deny.

156.     Individual Defendants deny.

157.     Individual Defendants deny.

WHEREFORE, having fully answered Count One, Individual Defendants move this Court to dismiss Count One, award the costs and reasonable attorney's fees incurred in the defense of this action, and grant such further relief as the Court deems just in the premises.

## COUNT TWO – "SUBSTANTIAL OVERBREADTH" - DISMISSED

COMES NOW DEFENDANT Andrea Hayes (hereinafter "Defendant Hayes") and for her Answer to Count Two states as follows:

158.     Defendant Hayes incorporates by reference her responses to all prior allegations.

159 – 168.  Count 2 has been dismissed by the Court. (Doc. 28.)  Accordingly, no response to Paragraphs 159-168 is required. To the extent a response may be required, the allegations in each paragraph are denied.

WHEREFORE, Defendant Hayes moves this Court to award the costs and reasonable attorney's fees incurred in the defense of this action, and to grant such further relief as the Court deems just in the premises.

## COUNT THREE – "VOID FOR VAGUENESS"

COMES NOW DEFENDANT Hayes and for her Answer to Count Three states as follows:

169.     Defendant Hayes incorporates by reference her responses to all prior allegations.

170.     The allegations in Paragraph 170 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

171.     The allegations in Paragraph 171 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

172.     Defendant Hayes denies.

173.     Defendant Hayes denies.

174.     The allegations in Paragraph 174 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

175.     Defendant Hayes denies.

176.        Defendant Hayes denies.

177.        Defendant Hayes denies.

WHEREFORE, having fully answered Count Three, Defendant Hayes moves this Court to dismiss Count Three, award the costs and reasonable attorney's fees incurred in the defense of this action, and grant such further relief as the Court deems just in the premises.

### COUNT FOUR – "PROCEDURAL DUE PROCESS" – DISMISSED

COME NOW DEFENDANTS Scroggs, Eardley, Gallimore and Hayes (hereinafter "Individual Defendants") and for their Answer to Count Four state as follows:

178.        Individual Defendants incorporate by reference their responses to all prior allegations.

179-204.   Count 4 has been dismissed by the Court.  (Doc. 28.)  Accordingly, no response to Paragraphs 179-204 is required. To the extent a response may be required, the allegations in each paragraph are denied.

WHEREFORE, Individual Defendants move this Court to award the costs and reasonable attorney's fees incurred in the defense of this action, and to grant such further relief as the Court deems just in the premises.

### COUNT FIVE – "SUBSTANTIVE DUE PROCESS" – DISMISSED IN PART

COME NOW DEFENDANTS Scroggs, Eardley, Gallimore and Hayes (hereinafter "Individual Defendants") and for their Answer to Count Five state as follows:

205.        Individual Defendants incorporate by reference their responses to all prior allegations.

206.     The allegations in Paragraph 206 have been dismissed by the Court. To the extent a response may be required, the allegations are denied.

207.     The allegations in Paragraph 207 have been dismissed by the Court. To the extent a response may be required, the allegations are denied.

208.     The allegations in Paragraph 208 have been dismissed by the Court. To the extent a response may be required, the allegations are denied.

209.     The allegations in Paragraph 209 have been dismissed by the Court.  To the extent a response may be required, the allegations are denied.

210.     The allegations in Paragraph 210 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

211.     Individual Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 211. Accordingly, those allegations are denied.

212.     Individual Defendants deny.

213.     Individual Defendants deny.

214.     Individual Defendants deny.

215.     Individual Defendants deny.

216.     Individual Defendants deny.

217.     Individual Defendants deny.

218.     The allegations in Paragraph 218 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

219.     Individual Defendants deny.

220.     Individual Defendants deny.

221.     Individual Defendants deny the allegations regarding Gallimore and state that the remaining allegations in paragraph 221 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

222.     The allegations in paragraph 222 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

223.     Individual Defendants deny.

WHEREFORE, having fully answered Count Five, Individual Defendants move this Court to dismiss Count Five, award the costs and reasonable attorney's fees incurred in the defense of this action, and grant such further relief as the Court deems just in the premises.

## COUNT SIX – "RACE DISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS"

COMES NOW DEFENDANT The Curators of the University of Missouri (hereinafter "Defendant University") and for its Answer to Count Six states as follows:

224.     Defendant University incorporates by reference its responses to all prior allegations.

225.     Defendant University admits.

226.     The allegations in Paragraph 226 consist of legal assertions or conclusions to which no response is required. To the extent a response may be required, the allegations are denied.

227.     Defendant University is without sufficient information to form a belief as to the truth of the allegations in Paragraph 227. Accordingly, those allegations are denied.

228.     Defendant University denies.

229.     Defendant University denies.

230.     Defendant University states that the term "quid pro quo" is a legal assertion or conclusion to which no response is required and admits the remaining allegations of paragraph 230.

231.     Defendant University admits that Plaintiff was not found in violation and deny the remaining allegations of paragraph 231.

232.     Defendant University denies.

233.     Defendant University denies.

234.     Defendant University denies.

235.     Defendant University denies.

236.     Defendant University denies.

237.     The allegations in Paragraph 237 are argumentative and consist of conclusions to which no response is required, or for which Defendant University is without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied.

238.     Defendant University denies.

239.     Defendant University denies.

240.     Defendant University denies.

241.     Defendant University denies.

242.     Defendant University denies.

243.     Defendant University denies.

244.     Defendant University denies.

245.     Defendant University denies.

WHEREFORE, having fully answered Count Six, Defendant University moves this Court to dismiss Count Six, award the costs and reasonable attorney's fees incurred in the defense of this action, and grant such further relief as the Court deems just in the premises.

## COUNT SEVEN – "SEX DISCRIMINATION IN EDUCATION" – DISMISSED

COMES NOW DEFENDANT University and for its Answer to Count Seven states as follows:

246.     Defendant University incorporates by reference its responses to all prior allegations.

247-263.   Count 7 has been dismissed by the Court. (Doc. 28.) Accordingly, no response to Paragraphs 247-263 is required. To the extent a response may be required, the allegations in each paragraph are denied.

WHEREFORE, Defendant University moves this Court to award the costs and reasonable attorney's fees incurred in the defense of this action, and to grant such further relief as the Court deems just in the premises.

## COUNT EIGHT –

## "RACE DISCRIMINATION IN PUBLIC ACCOMMODATIONS" –DISMISSED

COME NOW all Defendants and for their answer to Count Eight state as follows:

264.     Defendants incorporate by reference their responses to all prior allegations.

265-272.   Count 8 has been dismissed by the Court. Doc. 28. Accordingly, no response to Paragraphs 265-272 is required. To the extent a response may be required, the allegations in each paragraph are denied.

WHEREFORE, Defendants move this Court to award the costs and reasonable attorney's fees incurred in the defense of this action, and to grant such further relief as the Court deems just in the premises.

## COUNT NINE -
## "SEX DISCRIMINATION IN PUBLIC ACCOMMODATIONS" –DISMISSED

COME NOW all Defendants and for their answer to Count Nine state as follows:

273.      Defendants incorporate by reference their responses to all prior allegations.

274-281.   Count 9 has been dismissed by the Court. Doc. 28. Accordingly, no response to Paragraphs 274-281 is required. To the extent a response may be required, the allegations in each paragraph are denied.

WHEREFORE, Defendants move this Court to award the costs and reasonable attorney's fees incurred in the defense of this action, and to grant such further relief as the Court deems just in the premises.

## "JURY TRIAL DEMAND"

282.   Defendants are without sufficient information to form a belief as to the truth of the allegations. To the extent a response may be required, the allegations are denied. Defendants further state that they demand a jury on the factual issues triable by a jury.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's First Amended Petition fails to state a claim upon which relief may be granted.

2.  Plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution.

00182396-1

24

3. Plaintiff's claims are barred by sovereign immunity pursuant to MO. REV. STAT. § 537.600.

4. Plaintiff's alleged damage claims against all Defendants are limited by MO. REV. STAT. § 537.610.

5. Plaintiff's claims against the individual defendants are barred by the doctrine of qualified immunity.

6. Some or all of Plaintiff's claims are barred for failure to exhaust administrative remedies and are barred by the applicable statute of limitations.

7. The enforcement scheme and remedies provided by Title IX establish congressional intent to foreclose constitutional claims and, therefore, Plaintiff's claims in Counts I, III, V and VI are precluded, barred, and fail to state a claim because the constitutional claims are subsumed by the Title IX claims which were dismissed by this Court. (Document 28).

8. Defendants are the prevailing parties on Plaintiff's Title IX claims and are entitled to reasonable attorney's fees. 42 U.S.C. §1988 (b).

9. Plaintiff fails to state a claim in Count I for First Amendment Retaliation. Defendants incorporate by reference herein the Motion to Dismiss and Suggestions in Support (Documents 11 and 12) and the Reply in Support (Document 19).

10. If Plaintiff's speech was constitutionally protected, which Defendants deny, the speech was materially and substantially interfering or colliding with the rights of another.

11. If Plaintiff's speech was constitutionally protected, which Defendants deny, Defendants would have made the same alleged decisions absent the alleged protected speech.

12. Plaintiff fails to state a claim in Count III that the University's policies on sexual harassment and stalking are unconstitutionally vague. Defendants incorporate by reference

herein the Motion to Dismiss and Suggestions in Support (Documents 11 and 12) and the Reply in Support (Document 19).

13. Plaintiff fails to state a claim for "reckless investigation" as alleged in Count V. Defendants incorporate by reference herein the Motion to Dismiss and Suggestions in Support (Documents 11 and 12) and the Reply in Support (Document 19).

14. The claim for "reckless investigation" alleged in Count V is vague and fails to allege sufficient facts to establish a legal duty and allowing Plaintiff to proceed with this cause of action would violate fundamental fairness and violate Defendants' constitutional rights to due process.

15. Plaintiff fails to state a claim for violation of the Civil Rights Act and the University cannot be held liable for the alleged discriminatory conduct of individual employees. Defendants incorporate by reference herein the Motion to Dismiss and Suggestions in Support (Documents 11 and 12) and the Reply in Support (Document 19).

16. Plaintiff has failed to allege sufficient facts to establish a causal connection between Defendants' alleged wrongdoing and any damage to Plaintiff.

17. Plaintiff's own actions are the cause in fact and/or sole proximate cause of his alleged damages.

18. Plaintiff's claims for damages are barred or reduced to the extent that he failed to mitigate his alleged damages.

19. Plaintiff's prayer for damages is barred or, alternatively, must be reduced to the extent that Plaintiff seeks an amount in excess of the statutory cap set forth in MO. REV. STAT. § 537.610.2.

20. Plaintiff's prayer for punitive damages is barred MO. REV. STAT. § 537.610.3.

21. Plaintiff's prayer for punitive damages is not proper in this case because at all times the Defendants acted without malice, evil motive, or reckless disregard for Plaintiff's rights.

22. Plaintiff fails to state sufficient facts to support a claim for punitive damages.

23. Plaintiff fails to state a claim for actual damages and because a claim for punitive damages is not a separate action, but must be brought in conjunction with a claim for actual damages, the claim for punitive damages also fails.

24. Plaintiff is not entitled to recover punitive damages and any allegations with respect thereto should be stricken because the allegations are too vague to permit the imposition of punitive damages, and because any award of punitive damages is tantamount to a criminal fine and the amount of the penalty that may be imposed is indeterminate and constitutes an excessive fine which would violate Defendants' constitutional rights under provisions of the United States and Missouri Constitutions, including, but not limited to, the clauses of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, and because any award for punitive damages would amount to an ex post facto law and a punishment which is retrospective in application all in contravention of Defendants' constitutional rights.

WHEREFORE, having fully answered the First Amended Petition, Defendants respectfully request that the Petition be DISMISSED in its entirety, that Plaintiff take nothing in this action, that the Defendants be awarded the costs and reasonable attorney's fees incurred in the defense of this action, and for such further relief as the Court deems just in the premises.

Respectfully submitted,

Office of the General Counsel
Stephen J. Owens, General Counsel

/s/ *Emily W. Little*_____
Emily W. Little (Mo. Bar. 49929)
littleew@umsystem.edu

227 University Hall
Columbia, MO 65211
(573) 882-3211 (phone)
(573) 882-0050 (fax)
**Attorneys for Defendants**

## CERTIFICATE OF COMPLIANCE AND SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via this Court's

ECF electronic-filing system on July 27, 2018, to the following:

*/s/ Emily W. Little*
Counsel