Rowles Summary Judgment Exhibit Q

# UNIVERSITY *of* MISSOURI
### OFFICE FOR CIVIL RIGHTS & TITLE IX

December 12, 2016 *Add footnote (FN)*

*1. Use Ms./Mr. throughout*
*2. Change Retaliation language*
*3. Move e-notice language to footnote*
*4. Add page #s*
*5. Make other edits re below and re other complainants/witnesses (ask aL.)*

**VIA ELECTRONIC MAIL**
Jeremy Rowles
jarcdd@mail.missouri.edu

RE: NOTICE OF CHARGES

Dear Mr. Rowles:

This letter is to notify you of the status of the investigation regarding Annalise Breaux's complaint alleging that you violated the University's Student Standard of Conduct.

*Ms.* Breaux alleges that, on or about March 2015 to October 2016, you engaged in the following behaviors which impacted her:

- Starting on March 2, 2015, you sent multiple Facebook messages in a private thread to Breaux, including comments about her dance choreography and skills and the way her body moved. In several messages, you call her "Silky," in reference to her body and movements. *(Did she respond? Ignore?) (How did she feel?)*

- On April 12, 2015, Breaux reported that you waited after class and "cornered" her to ask her out. After she declined to go on a date with you, you continued to message her "incessantly" until April 18 when she told you that you needed to stop messaging her, and she specifically expressed to you that she wanted to be professional in her interactions with you. *(How did she feel?) Unwelcome? Emotionally distressed? Uncomfortable?*

- During the fall 2016 semester, Breaux reported that you attended all four weekly TigerX classes she teaches. She reported that you "lingered" after class to talk to her multiple times. Additionally, she alleges that on various occasions this semester you gave her many high fives; grabbed her hand in an "intimate" way before, during, and after classes; and stared at her intensely for the "entirety" of classes. *(How did she feel? Emotionally distressed?)*

- On October 3, 2016, you emailed Breaux insisting on taking private lessons with her. You reportedly complained to her via email and "confronted" her after class, stating that ZouLife would not allow you to sign up for private lessons with her. *(How did she feel?)*

- On October 7, 2016, you reportedly gave one of Breaux's coworkers a note to give her after you were unable to talk directly to Breaux after class. The note contained song lyrics and a free drink token to Kaldi's, which is where Breaux works. *another location*

- On October 14, 2016, Breaux alleges that you stayed after class and handed her a three-page typed letter, which she did not want. However, Breaux eventually took the letter from you, which contained apologies and a "confession" of your love for her. *(How did she feel?)*

Breaux stated that the accumulation of these incidents made her feel uncomfortable and interfered with her ability to focus on work at the Rec Center. In addition, the Office for Civil Rights & Title IX received reports about your interactions of a similar nature with multiple other *female (ask AL?)*

*Anything else? Unsafe? Intimidated? Distressed?*

202 Jesse Hall Columbia, MO 65211  Phone: 573-882-2824  Email: eardley@missouri.edu

**EXHIBIT 25**

Dft 002173

Rec Center employees, including frequent, unwanted Facebook and text messages sent to AB, RN, and HT. We discussed these reports during ~~the investigation~~ *your meeting w/ AL* as well.

You are being charged with potentially violating the University's Student Standard of Conduct as set forth below. This letter describes the process for resolving these charges (either Informal or Formal Resolution) and informs you of the range of sanctions that are possible if you are found responsible for violating University policy. [New paragraph] The investigation to date suggests that such behavior *may* constitute violations of the following subsections of Chapter 200.010(C) of the Collected Rules and Regulations (CRR) of the University of Missouri:

...

7. **Violation of the University's Sex Discrimination, Sexual Harassment and Sexual Misconduct in Education/Employment Policy in Section 600.020 of the Collected Rules and Regulations.** These violations include:

   ...

   b. **Sexual Harassment**. Sexual harassment is defined as:
      1) Unwelcome sexual advances or requests for sexual activity by a person or persons in a position of power or authority to another person, or
      2) Other unwelcome verbal or physical conduct of a sexual nature by a person to another person, when:
         a) Submission to or rejection of such conduct is used explicitly or implicitly as a condition for academic or employment decisions; or
         b) Such conduct creates a hostile environment by being sufficiently severe or pervasive and objectively offensive that it interferes with, limits or denies the ability of an individual to participate in or benefit from educational programs or activities or employment access, benefits or opportunities.

   ...

   d. **Stalking on the Basis of Sex**. Stalking on the basis of sex is following or engaging in a course of conduct on the basis of sex with no legitimate purpose that puts another person reasonably in fear for his or her safety or would cause a reasonable person under the circumstances to be frightened, intimidated or emotionally distressed.

   ...

The following is a brief description of the Equity Resolution Process, which is the procedure that will be followed by the University to address these charges.[1] The Equity Resolution Process sets forth two primary methods of resolving charges against students—the Informal Resolution Process <u>or</u> the Formal Resolution Process. Conflict Resolution is utilized in some instances, but not this case.

The **Informal Resolution Process** will be used if, and only if, both parties (you and Breaux) agree to this form of resolution. In the Informal Process, I would decide whether you are responsible for violating the University's policies after reading a full report written by the Investigator (Amber Lammers) detailing the facts learned during an impartial investigation. After a determination of responsibility has been made, I would inform the parties of the decision.

---

[1] For a complete description of the Equity Resolution Process, go to: http://www.umsystem.edu/ums/rules/collected_rules/programs/ch200/200.025_equity_resolution_process_for_resolving_complaints_of_harassment. CRR 200.025: Equity Resolution Process for Resolving Complaints of Harassment, Sexual Misconduct, and other Forms of Discrimination against a Student or Student Organization



# UNIVERSITY *of* MISSOURI
OFFICE FOR CIVIL RIGHTS & TITLE IX

Another option is the Formal Resolution Process. In the **Formal Resolution Process**, an Equity Resolution Hearing Panel (composed of three staff /administrators) would assemble at a formal hearing. During this hearing, the Investigator would serve as the main witness and the panel would hear a report of the investigation from the Investigator. Both you and Breaux may serve as witnesses and may also call people to serve as witnesses at the discretion of the Hearing Panel Chair. The Hearing Panel Chair may ask questions of all the witnesses and both complainant and respondent can question each other by directing their questions through the Hearing Panel Chair. The Hearing Panelists would make a finding of responsibility for the charged policy violation and prepare a written report detailing the findings, how each member voted, and information cited by the panel in support of its determination.

If a student is found responsible for violating the Student Standard of Conduct, sanctions can range from a written warning; probation; loss of privileges; restitution; discretionary sanctions such as work assignments, service to the university, or completion of educational programs or counseling; resident hall suspension or expulsion; campus suspension; University dismissal; University suspension; withdrawal of recognition for University organizations; or University expulsion.

<u>Please inform me and Investigator Amber Lammers of your choice of resolution process (Informal or Formal Resolution) within **three (3) business days of receipt of this letter (December 15)**</u>.

A copy of the Standard of Conduct (CRR 200.010) and procedures governing the Equity Resolution Process (CRR 200.025) are enclosed for your convenience. You may have an advisor or counselor present during all meetings with the Office for Civil Rights & Title IX and at any hearings. If you choose to have an advisor, it is your responsibility to ensure that he/she attends such proceedings.

~~Please be advised that any form of~~ Retaliation ~~taken~~ against a person for making a report or for filing, testifying, assisting, or participating in any investigation is strictly prohibited. This includes, but is not limited to, any hostile actions such as verbal or visible threats to the wellbeing of an individual, any threat to spread false information about a person, or any such action that would deter reasonable people from pursuing their rights. Retaliation is a separate violation of the University's policies.

(~~Please note that~~ on November 11, 2016, you signed an agreement stating that all correspondence from the Office for Civil Rights & Title IX, which are typically required to be physically mailed, would be delivered to your University email address, including the Notice of Charges. Therefore, this document will only be sent via email. ~~I have attached your agreement to receive e-correspondence for your convenience.~~ Please be aware that once emailed, all notices will be presumptively delivered.)

*Move to footnote on page 7*

Rowles Summary Judgment Exhibit Q

# UNIVERSITY *of* MISSOURI
### OFFICE FOR CIVIL RIGHTS & TITLE IX

Should you have any questions about this letter or the ongoing investigation, please contact me or Ms. Lammers.

Sincerely,

*Ellen Eardley*

**Ellen Eardley**
Assistant Vice Chancellor for Civil Rights & Title IX
Title IX Administrator

Enclosures

*Not bold*



202 Jesse Hall Columbia, MO 65211  Phone: 573-882-2824  Email: eardley@missouri.edu